```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    HOT SPRINGS DIVISION
```

KRISTIN HILL BRASSER KUELBS
and THE IRREVOCABLE TRUST OF
KRISTIN N. KUELBS                                      PLAINTIFFS

        v.                  Civil No. 08-6110

KIMBERLY HILL, JEFFREY HILL,
CAROL HILL, LYNN (HILL) WELK,
LAWRENCE WELK, JR.; RYAN BENSON,
AMERICAN CENTURY SERVICES, LLC.;
AMERICAN CENTURY INVESTMENTS,
RITA ABERNATHY, ANN TUTTLE and
JOHN DOES 1-10                                         DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions by Separate Defendants, American Century Services, LLC (Docs. 6 & 25); Ryan Benson (Docs. 8 & 30); Anne Tuttle (Docs. 10 & 28); Kimberly Hill, Jeffrey Hill and Carol Hill (Docs. 12 & 27); and Rita Abernathy (Docs. 17 & 25), to dismiss Plaintiffs' Amended Complaint[1]. Also before the Court are Plaintiffs' responses (Docs. 32-33, 40, 52) and replies from American Century Services, LLC and Rita Abernathy (Doc. 34, 51); Anne Tuttle (Doc. 35, 54); Ryan Benson (Doc. 36, 53); and Carol Hill, Jeffrey Hill and Kimberly Hill (Doc. 42).

### Introduction

Plaintiffs filed their original complaint on July 18, 2008, in the Circuit Court of Garland County alleging claims for

---

[1] Subsequent to the filing of the initial motions to dismiss by Separate Defendants, the Court permitted Plaintiffs to file an amended complaint. Separate Defendants were advised they could supplement their motions to dismiss subsequent to the filing of the amended complaint which they have done. Accordingly, the Court will consider the initial motions in addition to the supplemental motions.

outrage, abuse of process, fraud, misrepresentation, deceit, breach of fiduciary duty and civil conspiracy (Doc. 2). On December 10, 2008, Separate Defendant American Century Services, LLC removed the action to this Court (Doc. 1). On January 20, 2009, Plaintiffs filed an Amended Complaint adding an alleged RICO violation (Doc. 24). Defendants contend the action should be dismissed due to lack of personal jurisdiction and that Plaintiffs are not the real parties in interest under Rule 17 of the Federal Rules of Civil Procedure.

On October 30, 2006, after consideration of a petition for examination submitted by Jeff, Carol and Kimberly Hill, the Circuit Court of Polk County in Wisconsin ordered a temporary commitment of Kristin Kuelbs pending a preliminary hearing (Doc. 32-2). On November 13, 2006, Polk County Circuit Court ordered the involuntary medication, treatment and commitment of Kristin Kuelbs due to "mental illness" finding Kristin "not competent to refuse psychotropic medication or treatment because [she] is incapable of expressing an understanding of the advantages and disadvantages of accepting medication or treatment and the alternatives" (Doc. 32-2).

On February 16, 2007, the Polk County Mental Health & Chemical Dependency Unit requested an early dismissal of Kristin Kuelbs to a less restrictive setting, i.e. Donald Hill's home in Arkansas and suggested she complete a Durable Power of Attorney

AO72A
(Rev. 8/82)

for finances and a Power of Attorney for Health Care (Doc. 32-2). The Court dismissed the matter that same date (Doc. 32-2). A Durable Power of Attorney was executed in favor of Donald and Edwardena Hill on February 19, 2007 (Doc. 32-2).

On November 20, 2007, Separate Defendant Kimberly Hill filed a Petition for Appointment of a Guardian for Kristin Kuelbs in the Circuit Court of Garland County, Probate Division, No. P 2007-610. (Doc. 12-1). On August 28, 2008, the Court appointed Valerie Swearingen, LCSW, as a limited guardian for Kristin Kuelbs, to "have authority over all of Ms. Kuelbs' medical decision-making..."(Doc. 12-3). The Court appointed the Trust Department of First National Bank in Hot Springs, Arkansas as the guardian of the estate for Kristin Kuelbs (Doc. 12-3).

On December 17, 2008, the Court relieved Valerie Swearingen as limited guardian of the person of Kristin Kuelbs and appointed Donald Hill (Doc. 43-2). On March 19, 2009, the Court removed Donald Hill as limited guardian of Kristin and appointed Kimberly Hill due to Donald Hill's failure to comply with the Court's orders (Doc. 43-4).

**Discussion**

Rule 17 of the Federal Rules of Civil Procedure provides that an action must be prosecuted in the name of the real party in interest. This rule requires that the party who brings an action actually possess, under the substantive law, the right sought to

be enforced." *United HealthCare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563 (8th Cir. 1996). Because this matter is before the Court pursuant to diversity jurisdiction, the Court must apply Arkansas' substantive law to determine whether Separate Plaintiffs Kristin Kuelbs and the Irrevocable Trust of Kristin N. Kuelbs are real parties in interest in connection with the causes of action alleged in Plaintiffs' Amended Complaint.

Section 16-61-105(a)(1) provides that an "action of a person judicially found to be of unsound mind must be brought by his or her guardian..." It is clear pursuant to Arkansas law that Plaintiff Kristin Kuelbs lacks the capacity to sue and that the real party in interest is her guardian. *See* Ark. Code Ann. § 16-61-105(a)(1). Therefore, Separate Plaintiff Kristin Kuelbs is not a real party in interest pursuant to Rule 17.

Plaintiffs contend that Kristin Kuelbs assigned her claims to the Trust, therefore, the Court should substitute the Trustee, Edwardena Hill, as a plaintiff. There are no allegations in the Amended Complaint that purport to state any cause of action on behalf of the Trust. The Trust is only mentioned in the caption and the opening paragraph of the Amended Complaint. Further, neither tort claims nor their proceeds are assignable. *Mallory v. Harsfield, Almand & Grisham, LLP*, 86 S.W. 3d 863 (Ark. 2002). Therefore, the Trust is not a real party in interest in connection

with the claims set forth in the Amended Complaint pursuant to Rule 17.

Plaintiffs' responses to the motions to dismiss consist mostly of Plaintiffs' recitations of what they believe are the facts of this case but failed to address the initial procedural problems with this action. On April 14, 2009, the Court directed Plaintiffs to supplement their responses to Defendants' Motions to Dismiss as Plaintiffs failed to address Defendants' contention that Plaintiffs lack the capacity to sue and are not authorized to bring this action. The Court further directed Plaintiffs to address any conflict raised by Donald C. Hill's representation in this matter in which he appears to be a key witness to Plaintiffs' allegations (Doc. 39). Accordingly, Plaintiffs were on notice that the question of whether they were real parties in interest was before this Court, and no attempt was made to substitute the proper parties.

**Conclusion**

The Court finds that Plaintiffs are not authorized to bring this suit as they are not the real parties in interest. The Court put Plaintiff's counsel on notice and no attempt has been made to substitute the proper parties. Accordingly, Defendants' Motions to Dismiss are GRANTED, and Plaintiffs' Amended Complaint is DISMISSED. The Motion for Recusal (Doc. 4), to Transfer (Doc. 5)

and for the Appointment of "Next Friend" (Doc. 41) are DENIED AS MOOT.

 IT IS SO ORDERED this 17th day of June 2009.

          /s/  Robert  T.  Dawson
          Honorable Robert T. Dawson
          United States District Judge

AO72A
(Rev. 8/82)